UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OSCAR JAVIER VARGAS CAICEDO,

                *Plaintiff*,

  -against-

ANDREJS SABOVICS and WALMART TRANSPORTATION, LLC,

                *Defendants*.

23-CV-4645 (ARR) (TAM)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

In May 2023, plaintiff, Oscar Javier Vargas Caicedo, filed this personal injury action against defendants Andrejs Sabovics and Walmart Transportation, LLC ("Walmart LLC") in New York state court. *See* Notice of Removal, Ex. A ("Complaint"), ECF No. 1-3. Walmart LLC then filed a Notice of Removal in June 2023, asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Notice of Removal ¶ 13, ECF No. 1.[1] Walmart LLC asserts that complete diversity exists between all the parties because: (1) "[a]t all material times [p]laintiff . . . was and remains a citizen" of New York, *id*. ¶ 1; (2) defendant, Andrejs Sabovics, "was and is a resident of the State of Pennsylvania," *id*. ¶¶ 3, 13c; and (3) Walmart Transportation, LLC "is a limited liability corporation, which is a wholly-owned subsidiary of Walmart, Inc., a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas," *id*. ¶ 13b. For the following reasons, Walmart LLC's asserted basis for removal is defective.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District

---

[1] Mr. Sabovics consents to this removal. Notice of Removal ¶ 12.

courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (cleaned up). The party seeking removal bears the burden of establishing the basis for federal court jurisdiction over the case. *See Herrick Co. v. SCS Commc'ns., Inc.,* 251 F.3d 315, 322–23 (2d Cir. 2001). Pursuant to 28 U.S.C. § 1447(c), a district court may remand a case to state court *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*; *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (describing as "well-settled doctrine" the principle that "a court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists"). When considering whether to remand a case to state court, "[t]he court may consider materials outside the pleadings, including 'documents appended to a notice of removal . . . that convey information essential to the court's jurisdictional analysis,' since remand places subject-matter jurisdiction at stake." *Dixon v. Stedman*, No. 22-CV-3581 (RPK), 2022 WL 16924178, at *1 (E.D.N.Y. Nov. 14, 2022) (quoting *Roman v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010)).[2]

Walmart LLC's assertion that Mr. Sabovics is a *resident* of Pennsylvania is insufficient to establish his *citizenship* in that state. An individual's citizenship for purposes of 28 U.S.C. § 1332 "is determined by his domicile," and "[d]omicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quotation omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy*

---

[2] The only documents that I consider that are outside of the initial pleadings include the Notice of Removal, which I treat as a pleading, *see Jones v. City of Buffalo*, 867 F. Supp. 1155, 1167 (W.D.N.Y. 1994), and Walmart LLC's Corporate Disclosure Statement.

*v. Trs. of the Testamentary Trust*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). Accordingly, "it is well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). In its Notice of Removal, Walmart LLC alleges only that Mr. Sabovics "was and is a *resident*" of Pennsylvania, not that he is a domiciliary or citizen of Pennsylvania. Notice of Removal ¶¶ 3, 13c (emphasis added). The allegations in the underlying Complaint assert the same. *See* Compl. ¶ 3 ("That at all times hereinafter alleged, and upon information and belief, the defendant, Andrejs Sabovics, was, and still is, a resident of the State of Pennsylvania."); Answer ¶ 3, ECF No. 6 (admitting that Mr. Sabovics was, and still is, a resident of Pennsylvania). Walmart LLC has, therefore, failed to adequately assert diversity of citizenship as it pertains to Mr. Sabovics, and its Notice of Removal is defective for this reason.

Walmart LLC's Notice of Removal is also defective because it fails to properly assert its own citizenship. Walmart LLC alleges that it is a "limited liability corporation, which is a wholly-owned subsidiary of Walmart, Inc., a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas." Notice of Removal ¶ 13b; *see also* Corporate Disclosure Statement, ECF No. 2. For diversity jurisdiction purposes, a corporation is "a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). An LLC, however, "takes the citizenship of all of its *members*." *Platinum-Montaur Life Scis. v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (emphasis added). As such, to invoke diversity jurisdiction, the removing party must establish "the citizenship of each member of the limited liability company." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014).

Walmart LLC's allegations that it is a "privately held and wholly-owned subsidiary of

Walmart, Inc.," Notice of Removal ¶ 13b, is insufficient to establish its citizenship because "[t]he *owner* of a subsidiary, even the sole owner, 'may or may not be a *member*—or the sole member' of its subsidiary," *Viera v. Specialized Loan Servicing, LLC*, No. 20-CV-898, 2022 WL 3716241, at *2 (N.D.N.Y. Aug. 29, 2022) (emphasis added) (quoting *Marks v. Wal-Mart La., LLC*, No. 16-CV-419, 2016 WL 2654372, at *2 (W.D.La. May 3, 2016)); *see also Plug Power Inc. v. Worthington Indus., Inc.*, 2022 WL 252104, at *2 (N.D.N.Y. Jan. 27, 2022) (explaining that the plaintiff failed to establish a basis for diversity jurisdiction when it alleged that the defendant LLC was "a wholly owned subsidiary" of a corporation, but failed to make "further allegations regarding [the LLC's] membership"); *cf. Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, at *8 (S.D.N.Y. Jan. 25, 2023) (determining that the defendants properly established diversity jurisdiction when they asserted that the defendant "CVS Store #2906 is operated by CVS Albany, LLC, and that the *sole member* of CVS Albany, LLC is CVS Pharmacy, Inc.," which had citizenship in a different state than the plaintiff) (emphasis added). For LLCs, "it is membership, not ownership, that is critical." *Viera*, 2022 WL 3716241, at *2 (quoting *Post v. Bioment, Inc.*, No. 20-CV-527, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020)). I am also unable to discern Walmart LLC's citizenship from other documents in the record. *See* Compl.; Corporate Disclosure Statement ("Defendant, Walmart Transportation, LLC is a privately held and wholly owned subsidiary of Walmart, Inc., a publicly-traded company."). Accordingly, because Walmart LLC's citizenship is not properly established, I cannot take diversity jurisdiction over this case.

Walmart LLC's Notice of Removal is defective for its failure to establish its citizenship and the citizenship of Mr. Sabovics. A defendant may freely amend its notice of removal as long as it does so within thirty days of its receipt of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1); *CBS Inc. v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991). If, as here, however, that thirty-day

4

period has lapsed, courts will typically permit the removing party to amend its notice of removal only "to set forth more specifically grounds for removal which were imperfectly stated in the original petition"; where a defect is "fundamental . . . the notice of removal may not be untimely amended." *Snyder*, 762 F. Supp. at 73. A defendant may, for example, "correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount." *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) (quoting 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (Rev. 4th ed. 2023)). A defendant may not, on the other hand, amend a "notice of removal [that] evinces a 'total absence of jurisdictional foundations.'" *Sky Global, LLC v. Nobel*, No. 18-CV-629, 2018 WL 6599594, at *4 (W.D.N.Y. Dec. 17, 2018) (quoting *Snyder*, 762 F. Supp. at 76)).

Walmart LLC does not neglect to assert a basis for diversity jurisdiction; instead, the basis it asserts is legally insufficient. *See* Notice of Removal ¶ 13b (asserting that diversity of citizenship exists because Walmart LLC is a "wholly-owned subsidiary of Walmart, Inc.," which is a corporation with citizenship in both Delaware and Arkansas); *id.* ¶ 13c (asserting that diversity of citizenship exists because Mr. Sabovics is a "resident" of Pennsylvania). Because the defects in Walmart LLC's Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant it leave to amend its Notice of Removal. *See Beter*, 2024 WL 1333579, at *4 ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment."); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D.D.C. 2008) (determining that it would consider AOL LLC's "corrected statement of its citizenship" because the statement of citizenship in its prior filing, in which it asserted its citizenship based on its state of incorporation and the state in which it is headquartered, contained merely a "technical defect").

6

Accordingly, I grant Walmart LLC fifteen calendar days from the date that this Order is published to amend the defects in its Notice of Removal. If Walmart LLC's amendments do not cure the defects, I will remand this case to New York state court.

SO ORDERED.

        /s/
Allyne R. Ross
United States District Judge

Dated:     April 22, 2024
              Brooklyn, New York